IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| AARON THOMPSON, § | | |
| TDCJ-CID # 872772, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. V-01-01 |
| § | | |
| WAYNE SCOTT, et al., § | | |
| § | | |
| Defendants. § | | |

**MEMORANDUM OPINION AND ORDER**

Aaron Thompson, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division, filed a civil rights complaint and sought injunctive relief regarding his right to practice his religion in violation of the First Amendment and Religious Land Use and Institutionalized Persons Act (RLUIPA) of 2000. This court granted the Defendants' motion for summary judgment. The United States Court of Appeals for the Fifth Circuit affirmed the decision dismissing all claims except those regarding his hair length.

Prior to granting a stay regarding a Supreme Court ruling on the constitutionality of RLUIPA, this court ordered the Defendants to file a Motion for Summary Judgment or other appropriate dispositive motion. The Defendants have filed a Motion for Summary Judgment (Docket Entry No. 44) in which they argue that Thompson is no longer in need of injunctive relief because he has been transferred from the TDCJ-CID Stevenson Unit where the alleged violation occurred. Prior to the submission of the Defendants' motion, Thompson filed a motion for injunctive relief (Docket Entry No. 43) alleging that he has been disciplined at another TDCJ-CID Unit regarding his hair. In support of the motion, Thompson has submitted a disciplinary report

showing that he has been disciplined for violating TDCJ-CID grooming standards regarding hair length.  *See* Docket Entry No. 43, Exhibit A.

In deciding a motion for summary judgment, the court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*,106 S.Ct. 2548 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *Bozé v. Branstetter*, 912 F.2d 801, 804 (5th Cir. 1990).  The burden is on the movant and the motion must be denied if the movant fails to meet the burden, regardless of the nonmovant's response.  *Littlefield v. Forney Independent School Dist*., 268 F.3d 275, 282 (5th Cir. 2001).

There are instances when an inmate's transfer renders moot his claim for injunctive relief. *See e.g. Oliver v. Scott*, 276 F.3d 736 (5th Cir. 2002); *Herman v. Holliday*, 238 F.3d 660 (5th Cir. 2001).  However, Thompson has presented evidence that he is still being subjected to grooming standards which he believes interfere with his religious practices and that these standards are not relegated to an isolated unit or imposed by a lone warden.  It is not entirely clear whether these grooming standards are in compliance with established law or are new restrictions which must be examined.  What is clear is that the Defendants' argument that Thompson's transfer has ended his troubles is unpersuasive and that it is quite likely that he will continue to be subjected to the challenged grooming standard whether or not he returns to the Stevenson Unit.  *See Oliver*, 276 F.3d at 741 (the standard only requires a 'reasonable likelihood' of repetition), *citing Honig v. Doe*, 108 S.Ct. 592, 601 (1982).  It is apparent that Thompson's removal from Stevenson has not mooted the grooming issue.  *See Vitek v. Jones*, 100 S.Ct. 1254, 1260 (1980).  The Defendants suggest that

Thompson be required to file another suit every time he is transferred to a different prison unit and is subjected to another disciplinary action regarding hair length. *See* Docket Entry No. 77, at 7. Such action would be a waste of resources.

In the Opinion remanding this court's judgment, the Fifth Circuit cited the ruling in *Diaz v. Collins*, 114 F.3d 69 (5th Cir. 1997), and reiterated the holding that TDCJ-CID's policy at that time was constitutional and authorized by RLUIPA. *See* Opinion, No. 03-40408, (Docket Entry No. 23, at 3). However, Thompson claims that his hair met the previously upheld grooming standards, but he has been compelled to cut his hair even shorter. *Id.*

Although Thompson has demonstrated that there still is a triable issue, his motion for injunctive relief cannot be granted at this time because he has not shown that he will ultimately prevail in this proceeding. *See James v. City of Dallas, Tex.*, 254 F.3d 551, 563 (5th Cir. 2001).

The Defendants are **ORDERED** to submit a motion for summary judgment within thirty (30) days of the date of this Memorandum Opinion and Order. The Defendants shall present evidence regarding TDCJ-CID's current grooming policy, its general implementation, and its implementation with regard to Thompson. The Defendants shall submit, with a business records affidavit, copies of any documents relevant to Thompson's claims and the Defendants' defenses, including copies of any TDCJ-CID rules or written unit rules relevant to the alleged events forming the basis of this lawsuit. If the Defendants fail to file a motion for summary judgment within thirty (30) days, they are **ORDERED** to file an advisory with the court stating reasons why summary judgment is inappropriate in this case.

Thompson is **ORDERED** to respond to the Defendants' motion to dismiss or motion for summary judgment within thirty (30) days of the date in which the Defendants mailed Thompson

3

his copy of the motion as shown on the Defendants' certificate of service.  **Thompson's failure to respond to any of the Defendants' motions within the time limit may result in dismissal of this action for want of prosecution under  Fed. R. Civ. P. 41(b).**

Thompson's Motion for Injunctive Relief (Docket Entry No. 43) is **DENIED**.

The Defendants' Motion for Summary Judgment (Docket Entry No. 44) is **DENIED**.

**SIGNED** on this 30th day of March, 2006.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE