IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| AARON THOMPSON, <br> TDCJ-CID # 872772, <br><br> Plaintiff, <br><br> v. <br><br> NATHANIEL QUARTERMAN, <br><br> Defendant. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. V-01-01 |

**FINDINGS OF FACTS AND CONCLUSIONS OF LAW**

Aaron Thompson, a prisoner of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a civil rights complaint six years ago alleging that TDCJ-CID officials violated his right to practice his religion in violation of the First Amendment and Religious Land Use and Institutionalized Persons Act (RLUIPA) of 2000. This court dismissed the complaint pursuant to summary judgment, and the United States Court of Appeals for the Fifth Circuit affirmed the decision dismissing all claims except those regarding his hair length. *Thompson v. Scott*, 86 Fed. Appx. 17, 2004 WL 57718 (5th Cir. 2004). This court denied a subsequent motion for summary judgment by the defendants after finding that, while TDCJ-CID's official grooming regulations are constitutional and comply with applicable federal law, there is a fact issue as to whether Thompson has been forced to cut his hair shorter than required by the valid, system wide regulations.

On Monday September 10, 2007, a bench trial proceeding in the above entitled action commenced. The court heard testimony from Thompson, Terry White, John Charles Spurlock, William Jones, Kathy Gonzalez and Brenda Cheney. The court also reviewed several exhibits.

Based on a preponderance of evidence and the applicable law, the court makes the following findings of fact and conclusions of law as required by Fed. R. Civ. P. 52(a) and enters judgment in favor of the defendant on Thompson's 42 U.S.C. § 1983 civil rights claims.

## I. Findings of Facts

1. Plaintiff Aaron Thompson, TDCJ-CID # 872772, is a convicted felon and an inmate of the TDCJ-CID and was incarcerated in the TDCJ-CID system during the times in question.

2. The defendants named in Thompson's complaint were employees of the TDCJ-CID during the times in question.

3. Thompson is a follower of a Native American religion in which long hair has strong spiritual implications.

4. TDCJ-CID regulations require that male inmates must keep their hair trimmed up the back of their neck and head. Inmates' hair must be neatly cut and be cut around the ears. Inmates' sideburns cannot extend below the middle of their ears. No block style, afro, natural or shag haircuts are permitted. No fad or extreme hairstyles/haircuts are permitted. No mohawks, tails, or designs cut into the hair are allowed. In general, an inmate whose hair is approximately one inch long on the top of his head with the sides and back at approximately one-half inch long conforms with the regulations.

5. Inmates schedule their own haircuts and rely upon inmate barbers to maintain their hair length in conformity with TDCJ-CID regulations.

    6.    A guard will order an inmate to get a haircut when he observes that the inmate's hair is longer than allowed by TDCJ-CID regulations and will take steps to insure that an inmate's hair length is in compliance.

    7.    TDCJ-CID officials, acting under color of law, compelled Thompson to cut his hair and have disciplined Thompson for refusing to comply with official TDCJ-CID regulations.

    8.    There were no special standards imposed at the Stevenson Unit or any other unit of TDCJ-CID which required TDCJ-CID inmates to cut their hair shorter than the standard set by the system wide regulations.

    9.    Thompson has not been forced to cut his hair shorter than necessary to comply with TDCJ-CID regulations.

## II. Conclusions of Law[1]

A. The Nature of Section 1983

Title 42 U.S.C. § 1983 is not itself a source of substantive rights; it merely provides a method for vindicating federal rights conferred elsewhere. *Albright v. Oliver*, 114 S.Ct. 807, 811 (1994). In order to prevail in a cause of action under § 1983, the plaintiff must establish: (1) that the plaintiff has been deprived of a right secured by the Constitution or laws of the United States; and (2) that the defendant acted under color of state law. *Moore v. Willis Independent School Dist.*, 233 F.3d 871, 874 (5th Cir. 2000), *citing Lefall v. Dallas Independent School District*, 28 F.3d 521, 525 (5th Cir. 1994).

---

[1] Any finding of fact which may also constitute a conclusion of law shall be deemed a conclusion of law, and any conclusion of law which may also constitute a finding of fact shall be deemed a finding of fact.

B. <u>Section 1983 Liability Regarding Prisoners' Religious Rights</u>

Prisoners must be given a reasonable opportunity "to exercise the religious freedom guaranteed by the First and Fourteenth Amendments." *Cruz v. Beto*, 92 S.Ct. 1079, 1081 n. 2 (1972). Pursuant to this right, prison officials have a duty to accommodate inmates' religious beliefs unless there is a legitimate penological interest which prevents such accommodation. *See Eason v. Thaler*, 14 F.3d 8, 10 (5th Cir.1994) (noting that Muslim inmates are entitled to pork free diets upon request); *but see also Powell v. Estelle*, 959 F.2d 22, 24 (5th Cir. 1992) (holding that TDCJ's prohibition on long hair is rationally related to the legitimate state objectives of maintaining security, facilitating inmate identification and maintaining good hygiene). Under RLUIPA, if prison officials impose a "substantial burden" on a prisoner's religious practices they must use the "least restrictive means" to impose this burden in order to meet a "compelling governmental interest." 42 U.S.C. § 2000cc-1(a)(1)-(2). In doing so, the court accords "due deference to the experience and expertise of prison and jail administrators." *Cutter v. Wilkinson*, 125 S.Ct. 2113, 2119 (2005), *quoting* S.REP. NO. 103-111, at 10 (1993); *see also Baranowski v. Hart*, 486 F.3d 112, 125 (5th Cir. 2007) (such deference is applied regarding the implementation of regulations in order to maintain the prison's security, discipline and good order). An isolated denial, such as having to miss a single religious service, does not constitute a substantial burden on a prisoner's right to practice his religion. *Cancel v. Mazzuca*, 205 F.Supp.2d 128, 142 (S.D.N.Y. 2002). Moreover, RLUIPA does make an inmate's right to practice his religion superior to the prison's need to maintain order, security and discipline. *Baranowski*, 486 F.3d at 125.

The Fifth Circuit has previously held in the present action that the official TDCJ-CID grooming standards regarding hair length comply with the First Amendment and the RLUIPA and

that Thompson can be required to cut his hair despite the burden the regulations place on his religious practices. *Thompson*, 86 Fed. Appx. at 18-19, *citing Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir. 1995); *Diaz v. Collins*, 114 F.3d 69, 73 (5th Cir. 1997). However, Thompson argues that he was forced to cut his hair even though it conformed to TDCJ-CID regulations and that he and other inmates at the TDCJ-CID Stevenson Unit were required to keep their hair at one-eighth of an inch or shorter. Therefore, this court must determine whether TDCJ-CID officials forced Thompson to cut his hair as short as one-eighth of an inch and, if so, whether there was a compelling government interest which necessitated the shorter hair-cut. *Thompson,* 86 Fed. Appx. at 19.

A review of the facts shows that Thompson resisted cutting his hair and only did so after a guard gave him a direct order to go to the prison barbershop. Moreover, Thompson had to be disciplined before submitting to a haircut. Without questioning the sincerity of Thompson's beliefs, the court finds that TDCJ-CID officials did not violate his rights by compelling him to cut his hair. There may be some question as to whether Thompson's hair was cut shorter than the length mandated by TDCJ-CID regulations, but there is no question that hair grows and that Thompson avoided haircuts as much as possible. Consequently, it would not be unreasonable to cut Thompson's hair shorter than regulation length knowing that it would grow back and that a short haircut would help ensure that Thompson remained in compliance with the grooming standard despite his opposition. Like any dissatisfying hairstyle, a TDCJ-CID haircut that may be shorter than necessary would be only a temporary imposition and would be a reasonable measure to take in response to an inmate who refuses to comply with a legitimate grooming standard. Moreover, the evidence shows that Thompson was not subjected to any extreme haircut and that he was not forced to keep his hair as short as one-eighth of an inch as he has claimed. Given the imprecise

nature of hair cutting, coupled with the deference afforded to TDCJ-CID officials trying to maintain discipline and order in the prison system, this court concludes that the defendant had a compelling reason to insure that Thompson maintained his hair length in compliance with valid grooming standards and that the measures it used were no more than necessary to achieve their legitimate purpose.

### III. Conclusion

For the reasons stated herein, the court concludes that plaintiff Thompson has failed to prove by a preponderance of the evidence that any of the named original defendants or that any TDCJ-CID official violated RLUIPA concerning Thompson's hair length in violation of 42 U.S.C. § 1983.

Accordingly, defendant is entitled to judgment in its favor, and all claims brought by Thompson shall be **DISMISSED** with prejudice.

It is so **ORDERED**.

Signed on this 30th day of September, 2007.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE